UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE MARSH, *et al*.<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>NATIONS DIRECT MORTGAGE, LLC.,<br><br>　　　　　Defendant. | Case No. 1:23-cv-01518-KES-CDB<br><br>ORDER DISCHARGING MAY 31, 2024, ORDER TO SHOW CAUSE AND GRANTING PLAINTIFFS AN EXTENSION OF TIME TO COMPLY WITH RULE 4(m)<br><br>(Docs. 13-14)<br><br>**30-DAY DEADLIN** |

Plaintiffs Terrance Marsh and Gesele Marsh ("Plaintiffs") initiated this action with the filing of a complaint against Defendant Nations Direct Mortgate, LLC ("Defendant"), on October 24, 2023. (Doc. 1). After initially seeking to proceed *in forma pauperis*, Plaintiffs eventually paid the filing fee on March 13, 2024. (Docs. 2-4, 6, 7-8, 10).

On March 19, 2024, the Clerk of the Court issued a summons for service on Defendant and the Court entered an order setting a mandatory scheduling conference, both of which were served on Plaintiffs. (Docs. 11, 12). The order directed Plaintiffs to "diligently pursue service of summons and complaint" and "promptly file proofs of service." (Doc. 12 at 1). The order further advised Plaintiffs that failure to diligently prosecute this action "may result in the imposition of sanctions including the dismissal of unserved defendants." *Id*.

On May 31, 2024, the Undersigned issued an order to show cause requiring Plaintiffs to

1

report in writing by June 21, 2024, why sanctions should not be imposed for their failure to prosecute this action and to serve the summons and complaint in a timely fashion as ordered or to file proof of service demonstrating the summons and complaint had been served on Defendant. (Doc. 13).

On June 24, 2024, Plaintiffs filed a response to the Court's May 31, 2024, order to show cause. (Doc. 14). Plaintiffs state they have made multiple attempts to contact Defendant. *Id*. at 2. Plaintiffs assert they "did not receive mail because of interference from Defendants placing a lien on the address where Plaintiff recieves mail" [*sic*]. *Id*. at 2, 11-12. Plaintiffs contend they have attempted to serve Defendant "but it appears Defendants are trying to evade service and not responding to paperwork sent for their response." [*sic*]. *Id*. at 3. Plaintiffs appear to claim they will continue to attempt service on Defenant and purportedly other alleged Defendants "Agent for Idea Law Group, and the new mortgage company PHH working with Nations Direct." *Id*.[1]

That same day, Plaintiffs filed two proofs of service of summons. (Docs. 15-16). The first proof of service indicates the summons and complaint were served on either Barbara Johnson, an agent for Freedom Mortgage, and/or also Nestor Solutions, LLC. (Doc. 15 at 1). Freedmom Mortgage and Nestor Solutions, LLC are not parties in this action. *See generally* (Doc. 1). Plaintiffs indicate Defendant was served by substitute service by Desmond McRoom-Marsh, a son of Plaintiffs. Docs. 14 at 16; 15 at 2). The proof of service does not indicate where substitute service took place, and a declaration of diligence is not attached. (Doc. 15 at 1). Plaintiffs claim the documents were sent via first-class mail on June 20, 2024. *Id*. at 2. However, the proof of service does not indicate whether the summons and complaint were served together with two copies of the notice and acknowledgment provided for pursuant to Cal.

---

[1] Plaintiffs may add additional parties to this action through amendment of the complaint. *See* Fed. R. Civ. P. 15. If Plaintiffs seek to add allegations to state a plausible claim against one or more Defendant(s), they may file an amended complaint and attempt to properly serve that complaint and summons on Defendant(s). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiffs must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Id*. (citing *Twombly*, 550 U.S. at 555).

1   Code Civ. Proc § 415.3(b), and a return envelope, postage prepaid, addressed to the sender. *Id*.

2   The second proof of service indicates the summons and complaint were sent to Karen
3   Castle of Idea Law Group. (Doc. 16 at 1). Karen Castle and Ideal Law Group are not parties in
4   this action. *See generally* (Doc. 1). Plaintiffs indicate Ms. Castle and Ideal Law Group were
5   served by substitute service by Mr. McRoom-Marsh. (Doc. 16 at 1-2). Again, the proof of
6   service does not indicate where substitute service took place, and a decldaration of diligence is
7   not attached. *Id*. at 1. Likewise, Plaintiffs claim the documents were sent via first-class mail on
8   June 20, 2024. *Id*. at 2. However, the proof of service does not indicate whether the summons
9   and complaint were served together with two copies of the notice and acknowledgment provided
10  for pursuant to Cal. Code Civ. Proc § 415.3(b),  and a return envelope, postage prepaid,
11  addressed to the sender. *Id*.

12  On June 26, 2024, Plaintiffs filed two additional proofs of service of summons. (Docs.
13  17-18). The first proof of service indicates the summons, complaint, and a letter for the new
14  scheduling date were sent to PHH Mortgage Services. (Doc. 17 at 1). PHH Mortgage Services
15  is not a party in this action. *See generally* (Doc. 1). Additionally, the proof of service suffers
16  from the same infirmities identified above in Plaintiffs' June 24, 2024, proofs of service of
17  summons. (Doc. 17). The second proof of service indicates that the summons, complaint, and a
18  letter for the new scheduling date were sent to Defendant Nations Direct Mortgage LLC. (Doc.
19  18). This proof also suffers from the same infirmities identified above.

20  Plaintiffs assert they attempted service by substitute service and by mail. However,
21  Plaintiffs have failed to effectuate proper service on Defendant. Plaintiffs are responsible for
22  complying with the rules governing service of process set forth under Federal Rule of Civil
23  Procedure 4. Rule 4 explains how to serve an individual who is located within a judicial district
24  of the United States:

25
> Unless federal law provides otherwise, an individual—other than a minor, an
26  incompetent person, or a person whose waiver has been filed—may be served in a
> judicial district of the United States by:
27
> (1) following state law for serving a summons in an action brought in courts of general
28  jurisdiction in the state where the district court is located or where service is made; or

3

>   (2) doing any of the following:
>   (A) delivering a copy of the summons and of the complaint to the individual personally;
>
>   (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
>   (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Rule 4(h) identifies methods of service upon a business entity. *See* Fed. R. Civ. P. 4(h). The Rule reads in part:

>   (h) Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
>   (1) in a judicial district of the United States:
>
>   (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
>   (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

*Id*.

Plaintiffs assert they attempted service by substitute service. In lieu of personal delivery, Cal. Civ. Proc. Code § 415.20 permits service on a corporation by substituted service which requires leaving the summons and complaint during normal office hours at the office of the defendant with a person "who is apparently in charge" and thereafter mailing a copy of the summons and complaint to the defendant at that same office.

Here, Plaintiffs' filings either identify no one "who is apparently in charge" of the office (Docs. 17-18), or provide no facts stating that the identified individual is in charge (Docs. 15-16). None of the filings attach a declaration of diligence stating the action taken first to attempt personal service. (Docs. 15-18); *see* Judicial Council Comment to Cal. Civ. Proc. Code § 415.20(b) (substitute service on an individual is only allowed if personal service cannot be effectuated after the exercise of reasonable diligence to personally serve the individual party);

*Burchett v. City of Newport Beach*, 33 Cal.App.4th 1472, 1477 (1995).  Additionally, one of Plaintiffs' filings fails to indicate that service occurred during normal office hours  (Docs. 15).  Lastly, the Court notes it is unlikely Plaintiffs were able to effectuate substitute service, by leaving documents in someone's presence, in Nevada, Florida, and Illinois, at the same date and time.  (Docs. 16-18).

Plaintiffs appear to assert they attempted to service by mail.  (Docs. 15-18).  Service by mail is a permissible form of service under California law, *see* Cal. Code Civ. P. § 415.30, and thus, Rule 4(e)(1) amd 4(h)(1)(A).  *Barlow v. Ground*, 39 F.3d 231, 234-35 (9th Cir. 1994).  Service by mail is deemed effective when the required acknowledgment is returned by the defendant served.  *See* Cal. Code Civ. P. § 415.30(c); *see also Barlow,* 39 F.3d at 234.  Here, there is no indication that Plaintiffs included the required acknowledgment and return postage. (Docs. 15-18).

Because Plaintiffs are proceeding pro se, the Court will extend to them an opportunity to properly reserve Defendant consistent Rule 4.  *Supra* n. 1.  However, Planitiffs are admonished that the Court will not extend unlimited opportunities to remedy deficient service – it is incumbent upon Plaintiffs, even though proceeding pro se, to diligently prosecute this action, particularly where the Court has provided express instructions as to how to proceed.

Accordingly, IT IS HEREBY ORDERED:

1. The May 31, 2024, order to show cause (Doc. 13) is DISCHARGED;
2. Plaintiffs shall file proof of service that demonstrates proper service as described herein as to Defendant Nations Direct Mortgage, LLC, no later than 30 days from the date of service of this order; and

///
///
///
///
///

3. The August 1, 2024, scheduling conference is continued to September 12, 2024, at 9:00 a.m., in Bakersfield before Magistrate Judge Christopher D. Baker.

**Failure to timely comply with this order will result in a recommendation that the action be dismissed, pursuant to Rule 4(m), Fed. R. Civ. P.**

IT IS SO ORDERED.

Dated:   **July 2, 2024**

UNITED STATES MAGISTRATE JUDGE