1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
9              EASTERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11 TERRANCE MARSH, *et al.*, | Case No. 1:23-cv-01518-KES-CDB |
| 12          Plaintiffs, | FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT'S MOTION TO DISMISS |
| 13     v. | (Doc. 22) |
| 14 NATIONS DIRECT MORTGAGE, LLC., | |
| 15          Defendant. | **21-DAY DEADLINE** |
| 16 | |

17          Pending before the Court is the motion of Defendant Nations Direct Mortgage, LLC

18 ("Defendant") to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6), filed on July 19,

19 2024.  (Doc. 22).  Pro se Plaintiffs Terrance Marsh and Gesele Marsh ("Plaintiffs") did not file an

20 opposition to Defendant's motion and the time to do so has passed.  On July 31, 2024, the Honorable

21 District Judge Kirk E. Sherriff referred the pending motion to dismiss to the Undersigned, consistent

22 with 18 U.S.C. § 636(b)(1)(B) and E.D. Cal. Local Rule 304(a).  (Doc. 25).[1]  For the foregoing

23 reasons, the Court will recommend that Defendant's motion to dismiss be granted and Plaintiff's

24 complaint be dismissed with prejudice and without leave to amend.

25
26
27
       ———————————
28     [1] Plaintiff's failure to file an opposition to Defendants' motion is construed as a non-opposition
to dismissal.  *See* Local Rule 230(c) ("A failure to file a timely opposition may also be construed by
the Court as a non-opposition to the motion.").

                                    1

**<u>Background</u>**[2]

Plaintiffs at some point purchased property at 21013 Hugo Way in California City, California with a mortgage loan.  (Doc. 1 at 1); *see id.* at 5 (seeking as relief for Defendant's "putting home into default" the value and equity of Plaintiffs' home).  Defendant was the loan servicer of Plaintiff's mortgage.  (Doc. 7 & 8 at 2) (noting Defendant placed Plaintiffs' property in foreclosure); (Doc. 22 at 2).  Sometime later, Plaintiffs allege Defendant falsely reported late payments, purportedly regarding their mortgage, to all major credit bureaus.  (Doc. 1 at 4).  Plaintiffs claim these false reports caused their credit scores to plummet and prevented them from obtaining credit, selling their home, and/or refinancing their home.  *Id.*  "After [P]laintiffs complained to credit bureaus [Defendant] fixed [the] problem."  *Id.*  Plaintiffs allege they lost income because of Defendant's "false reports."  *Id.* at 5.

Thereafter, Plaintiffs allege Defendant put a default on their home for foreclosure because of non-payments even though "the credit report states [they] are up to date on payments."  *Id.* at 4.  Plaintiffs allege Defendant issued public notice of the default on social media such as Zillow, and in the county recorder's office.  *Id.* at 5.  As a result of the public notice, Plaintiffs assert they received numerous calls from solicitors regarding their home.  *Id.*  Plaintiffs claim because of Defendant's foreclosure-related actions they experienced extreme emotional distress and embarrassment.  *Id.*

On September 5, 2023, Plaintiffs filed a complaint against Defendant in the Superior Court of California, County of Kern, *Marsh v. Nations Direct Mortgage, LLC*, No. BCV-23-103008 (the "State Case").  (Doc. 24).[3]  Plaintiffs assert the State Case involves a breach of contract claim involving the default on their home.  (Doc. 27 at 1).

On October 24, 2023, Plaintiffs initiated this action against Defendant asserting two causes of action: (1) violation of the Fair Credit Reporting Act ("FCRA"); and (2) violation of the California

---

[2] The background set forth below derives from the allegations of Plaintiffs' complaint and filings in this action.  For purposes of ruling on Defendant's motion to dismiss, the Court relies only on facts and allegations stated in Plaintiffs' complaint.

[3] A court may judicially notice the records and filing of other court proceedings.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 802 n. 2 (9th Cir. 2002).

1   Consumer Credit Report Agencies Act ("CCRAA").  (Doc. 1).[4]  Plaintiffs assert the basis for this

2   Court's jurisdiction is federal question jurisdiction.  *Id*. at 3.  For relief, "[P]laintiffs ask for $162,000-

3   value of home, $100,000 equity in home and $60,000 punitive damages for hardship and ruining of

4   credit whereas we cannot qualify for anything until the damage is cleared."  *Id*. at 5.  From March

5   2024, through July 2024, Plaintiffs attempted to serve Defendant with the summons and complaint.

6   *See* (Docs. 13, 14, 18-19).

7         On July 19, 2024, Defendant filed the instant motion to dismiss, and notices of interested

8   parties and related cases.  (Docs. 22-24).  Plaintiffs did not file an opposition to Defendant's motion to

9   dismiss.  Instead, on August 7, 2024, Plaintiffs filed a "notice for separation from federal and state

10  litigation and request for bifurcation."  (Doc. 27).  Plaintiff argues the cases are not "sufficiently

11  related to the subject or ruling time limit" purportedly because an entry of default has been entered

12  against Defendant in the State Case.  *Id*. at 2-3.  Plaintiff asks the Court that the cases "be split as a

13  bifurcation according to California Rules of Court, Rule 5.390" if the Court decides that both cases are

14  similar.  *Id*.

15  **Legal Standard**

16        A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a

17  plaintiff's complaint for failing "to state a claim upon which relief can be granted."  Fed. R. Civ. P.

18  12(b)(6).  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency.  *N. Star Int'l v.*

19  *Ariz. Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983) (citing *Peck v. Hoff*, 660 F.2d 371, 374 (8th

20  Cir. 1981)).  A complaint may be dismissed as a matter of law either for lack of a cognizable legal

21  theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica*

22  *Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990) (citing *Robertson v. Dean Witter Reynolds, Inc*., 749

23  F.2d 530, 533-34 (9th Cir. 1984)).

24

25

26

27        [4] The only provision of the FCRA that Plaintiffs mention is "Section 16810," which does not
    exist.  Presumably, Plaintiffs are referring to § 1681o, which generally creates a private right of action
    for FCRA violations.  As to which underlying provision of the FCRA was violated, Plaintiffs do not
28  identify one.  However, based on Plaintiffs' complaint, it appears Plaintiffs are alleging violations of §
    1681s-2(b).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must provide sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see* Fed. R. Civ. P. 8(a)(2) (a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief). A complaint satisfies the plausibility requirement if it contains sufficient facts for the court to "draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"For a [Rule] 12(b)(6) motion, a court generally cannot consider material outside the complaint." *Hamilton v. Bank of Blue Valley*, 746 F. Supp.2d 1160, 1167 (E.D. Cal. 2010) (citing *Van Winkle v. Allstate Ins. Co.*, 290 F. Supp.2d 1158, 1162, n.2 (C.D. Cal. 2003)). "Nonetheless, a court may consider exhibits submitted with the complaint." *Id.* In addition, a "court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Id.* at 1168 (quoting *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)). Accord, *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) ("[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss."), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F. 3d 1119 (9th Cir. 2002) "A court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Hamilton*, 746 F. Supp.2d at 1168 (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).

The court ordinarily confines its review of a motion to dismiss under Rule 12(b)(6) to the allegations stated in the complaint. However, the court "may also 'consider [1] materials that are submitted with and attached to the complaint'; [2] judicial notice of matters of public record'; and [3] unattached evidence on which the complaint necessarily relies if: [a] the complaint refers to the document; [b] the document is central to the plaintiff's claim; and [c] no party questions the authenticity of the document.'" *Beverly Oaks Physicians Surgical Ctr., LLC v. Blue Cross & Blue Shield of Ill.*, 983 F.3d 435, 439 (9th Cir. 2020) (quoting *United States v. Corinthian Colls.*, 655 F.3d 984, 998–99 (9th Cir. 2011)). The Court may review such material without converting a motion to

4

dismiss into a motion for summary judgment. *Harris v. Cnty. of Orange*, 17 F.4th 849, 865 (9th Cir. 2021) (Forrest, J., concurring); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam).

**Analysis**

1. FCRA

"Recognizing the importance of accuracy in credit reporting, Congress adopted the FCRA in 1970. In its present form, the Act allows consumers to sue private lenders who willfully or negligently supply false information about them to agencies that generate credit reports." *Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*, 601 U.S. 42, 45 (2024); *see Shaw v. Experian Info. Sols. Inc.*, 891 F.3d 749, 755 (9th Cir. 2018) (noting that the FCRA was enacted to provide for fair and accurate credit reporting). When originally enacted, the FCRA focused on two groups: credit reporting agencies ("CRA") and "persons" who obtain information from them. *Kirtz*, 601 U.S at 46; 15 U.S.C. §§ 1681b, 1681i, 1681d(a). In 1996, Congress broadened the FCRA's reach to include those who furnish information to a CRA and instructed that, if a consumer disputes to a CRA the completeness or accuracy of his credit information, the "person" who furnished it must investigate the matter and take steps to correct any mistake. 15 U.S.C. § 1681s-2(b).

The FCRA outlines the "[r]esponsibilities of furnishers of information to [CRAs]." 15 U.S.C. § 1681s-2. There are "two categories of responsibilities" for furnishers as outlined in § 1681s-2. *Gorman v. Wolpoff & Abramson LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009). The first, in § 1681s-2(a), requires furnishers to provide accurate information and imposes upon the furnisher a duty to notify a CRA if it furnishes it with information that is disputed by the consumer. *Gorman*, 584 F.3d at 1154

(citing § 1681s-2(a)(3)).  "If a furnisher determines that it supplied information that was 'not complete or accurate,' it must provide all information to the CRAs 'necessary to make [their report]…complete and accurate.'"  *Williams v. Experian Info. Sols., Inc*., No. C22-5840 MJP, 2024 WL 643197, at *3 (W.D. Wash. Feb. 15, 2024) (quoting § 1681s-2(a)(2)).

The second category of responsibilities, under § 1681s-2(b), is triggered when a furnisher is notified by a CRA that a consumer disputes any reported information.  *Gorman*, 584 F.3d at 1154; *see Williams*, 2024 WL 643197, at *3 ("The FCRA…allows consumers to put furnishers on notice of inaccuracies and incompleteness by lodging consumer disputes with the CRAs.").  Upon receipt of notice of dispute from a CRA, the furnisher is obligated to investigate the claims and to correct or delete inaccurate information.  *Gross v. CitiMortgage, Inc.*, 33 F.4th 1246, 1251 (9th Cir. 2022); *e.g., Roybal v. Equifax, Transunion, Experian Rickenbacker, Medamerica, City Towing Body Shop, Inc*., 405 F. Supp. 2d 1177, 1180 (E.D. Cal. 2005) ("Once a claim is deemed viable, the CRAs must contact the furnisher of the credit information which affords an opportunity to investigate and rectify erroneous reports.").

Therefore, to state a claim under the second category the plaintiff must first allege that the information in the report is incomplete or inaccurate.  *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010).  The plaintiff then must allege he (1) notified a CRA, (2) the CRA notified the furnisher, i.e. defendant, of the information about the dispute, and (3) the furnisher failed to investigate the inaccuracies or otherwise failed to comply with the requirements of § 1681s-2(b). *Ballard v. Citadel Servicing Corp.*, No. 8:22-cv-01679-FWS-ADS, 2023 WL 4291115, at *6 (C.D. Cal. May 9, 2023) (citation omitted).

Plaintiffs allege Defendant reported inaccurate information to all major credit bureaus, and that they complained to credit bureaus.  (Doc. 1 at 4).  Thus, Plaintiffs have adequately alleged the first two elements of their FRCA claim (*e.g.*, existence of inaccuracies and report to CRAs).  Plaintiffs have failed to allege that any CRA notified Defendant of the information in dispute.  *See generally* (Doc. 1); *e.g., Kianpour v. Wells Fargo Bank, N.A.,* No. CV 17-01757 SJO (GJSx), 2017 WL 8292776, at *6 (C.D. Cal. Jul. 17, 2017) (concluding that a plaintiff failed to state a claim because 1681s-2(b) required the Plaintiff to allege facts that a CRA provided a notification of a dispute to the furnisher of

information).  Separately, Plaintiffs have not alleged that Defendant failed to investigate and otherwise correct or delete the alleged inaccurate information in compliance with § 1681s-2(b).  In fact, Plaintiffs admit that "Defendant[] fixed [the] problem" after Plaintiffs reported inaccuracies to the CRAs.  (Doc. 1 at 4).  Since Plaintiffs' complaint indicates Defendant did correct the information it reported to the CRAs, Plaintiffs' FCRA claim fails as a matter of law.

2.  CCRAA

Plaintiff's second cause of action is pursuant to the CCRAA, California's "counterpart" to the FCRA.  *Jaras v. Equifax Inc.*, 766 Fed. Appx. 492, 494 (9th Cir. 2019); *see Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1335 (9th Cir. 1995) (the CCRAA is the state analog to the FCRA and "mirrors" its provisions).  § 1785.25(a) of the CCRAA provides that "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."  Cal. Civ. Code. § 1785.25(a); *Miller v. Westlake Servs. LLC*, 637 F. Supp. 3d 836, 855 (C.D. Cal. 2022).[5]

Plaintiffs' CCRAA claim fails for the same reason as their FCRA claim.  Plaintiffs offer only conclusory allegations and do not plead any facts demonstrating that Defendant knew or should have known that the information it furnished was incomplete or inaccurate when it reported Plaintiffs' account.  *See generally* (Doc. 1); *see also Miller*, 637 F. Supp. 3d at 855 ("whether Defendant knew or should have known that the information was inaccurate mirrors the FCRA's reasonable investigation requirement.") (internal quotation marks and citations omitted).  Instead, Plaintiffs' complaint indicates that when Defendant was allegedly made aware of an alleged mistake, Defendant fixed the problem.  *Id*.  Accordingly, the Undersigned recommends dismissal of Plaintiff's CCRAA claim.

**Leave to Amend**

Rule 15 provides that "leave [to amend] shall be freely given when justice so requires."  Fed. R. Civ. P. 15(2).  However, district courts are only required to grant leave to amend if a complaint can be saved.  *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).  When a complaint cannot be cured by

---

[5] Corporations are considered "persons" under the CCRAA.  Cal. Civ. Code § 1785.3(j).

1  additional facts, leave to amend need not be provided.  *Doe v. United States*, 58 F.3d 494, 397 (9th

2  Cir. 1995).

3        Given Plaintiffs' pleading that Defendant remedied any credit furnishing inaccuracy after

4  Plaintiffs complained to CRAs, the undersigned is skeptical Plaintiffs may state cognizable claims by

5  amending their complaint.  Out of an abundance of caution the Undersigned will recommend the Court

6  grant Plaintiffs leave to file a first amended complaint to remedy the deficiencies identified herein to

7  the extent Plaintiffs can, in good faith, correct those defects.  *See* Fed. R. Civ. P 11(b).[6]

8  **Conclusion and Recommendations**

9        Based on the foregoing, the Undersigned HEREBY RECOMMENDS that

10    1.   Defendant's motion to dismiss (Doc. 22) be GRANTED;

11    2.   Plaintiffs' complaint (Doc. 1) be DISMISSED with leave to amend; and

12

13

14                     *Remainder of This Page Intentionally Left Blank*

15

16

17

18

19

20

21

22

23

24

25

---

26    [6] "By presenting to the court a pleading, written motion, or other paper—whether by signing,
       filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of
27    the person's knowledge, information, and belief, formed after an inquiry reasonable under the
       circumstances…the factual contentions have evidentiary support or, if specifically so identified, will
28    likely have evidentiary support after a reasonable opportunity for further investigation or discovery…"
       Fed. R. Civ. P. 11(b)(3).

3. Plaintiffs be afforded 14 days within which to file either (a) a first amended complaint, or alternatively, (b) a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 21 days after being served with these findings and recommendations, any party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 21, 2024**

UNITED STATES MAGISTRATE JUDGE

9