UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE MARSH, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONS DIRECT MORTGAGE, LLC, <br><br> Defendant. | Case No. 1:23-cv-01518-KES-CDB <br><br> FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION TO DISMISS <br><br> (Doc. 49) <br><br> **14-DAY OBJECTION PERIOD** |

Pending before the undersigned is the motion of Defendant Nations Direct Mortgage, LLC ("Defendant") to dismiss the operative first amended complaint ("FAC"), filed on April 1, 2025.[1] (Doc. 49). Plaintiffs Terrance Marsh and Gesele Marsh ("Plaintiffs"), proceeding pro se, filed an opposition to the motion on April 21, 2025. (Docs. 52, 53). Defendant filed an untimely reply on May 5, 2025. (Doc. 54); *see* E.D. Cal. Local Rule 230(d) (reply due no later than 10 days after the opposition was filed, *i.e.*, due no later than May 1, 2025). The undersigned deems the motion suitable for resolution without hearing and oral argument. *See* E.D. Cal. Local Rule 230(g). For the reasons set forth below, the undersigned will recommend Defendant's motion to dismiss be granted with prejudice and without leave to amend.

I. **BACKGROUND**

   A. **Procedural History**

Plaintiffs, proceeding pro se, initiated this action with the filing of a complaint on October 24, 2023, in which they allege various causes of action against Defendant based on its servicing of

---

[1] On April 2, 2025, the assigned district judge referred the pending motion to dismiss to the undersigned for the preparation of findings and recommendations. (Doc. 50).

1  a mortgage loan Plaintiffs obtain to purchase property in California City. (Doc. 1). On August 21,
2  2024, the undersigned issued findings and recommendations to grant Defendant's motion to dismiss
3  the complaint. (Doc. 31). Specifically, the undersigned found that: Plaintiffs failed to allege any
4  credit reporting agency ("CRA") had notified Defendant that the information in Plaintiffs' credit
5  report was incomplete or inaccurate; Plaintiffs failed to allege that Defendant failed to investigate
6  or failed to correct or delete the alleged inaccurate information; Plaintiffs' claims under the Fair
7  Credit Reporting Act ("FCRA") and the California Consumer Credit Reporting Agencies Act
8  ("CCRAA") failed as a matter of law given allegations in the complaint that Defendant corrected
9  the information it reported to the CRAs. (*Id.* at 6, 7). On December 16, 2024, the Court adopted
10 in full the findings and recommendations, granted Defendant's motion to dismiss in part, and
11 dismissed Plaintiff's complaint with leave to amend. (Doc. 40 at 3). Plaintiffs were ordered to file
12 within 21 days of service of the order either a FAC or alternatively, a notice of voluntary dismissal
13 pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (*Id.*). On March 18, 2025, Plaintiffs
14 filed the operative FAC. (Doc. 47).

15        **B.     FAC Allegations**

16        In the FAC, Plaintiffs assert a violation of the FRCA against Defendant for its "failure to
17 accurately report Plaintiffs' credit information, failure to correct inaccuracies upon notice, and the
18 resulting harm to Plaintiffs' creditworthiness and financial opportunities." (*Id.* at 2, ¶¶ 1-2).
19 Plaintiffs allege that they entered into a mortgage agreement with Defendant and that during the
20 COVID-19 pandemic, Plaintiffs participated in a forbearance program under the CARES Act until
21 their voluntary exit from the program in October 2021. (*Id.* at 3, ¶ 1-2). Plaintiffs thereafter
22 resumed making timely monthly payments on their mortgage. (*Id.* ¶ 2). Plaintiffs allege that
23 Defendant falsely reported to CRAs that Plaintiffs failed to make payments from October 2021 to
24 2023 despite being provided proof of timely payments and Plaintiffs' numerous attempts to notify
25 Defendants of the inaccurate reports. (*Id.* ¶¶ 3-4) (noting Plaintiffs provided receipts of payment
26 history to Defendant and filed complaints with the Consumer Financial Protection Bureau
27 ("CFPB")). Plaintiffs allege Defendant failed to timely investigate and correct the inaccuracies and
28 did so only after Plaintiffs escalated their complaints to the CFPB. (*Id.* ¶ 5). Plaintiffs claim they

1  experienced significant harm due to Defendant's erroneous credit reporting, including the denial of
2  loan applications needed for urgent housing repairs, denials of essential services based on required
3  credit checks, and "considerable" health impacts. (*Id.* ¶ 6).

4  Plaintiffs assert Defendant's prolonged inaction despite being presented with evidence of
5  timely payments demonstrates either a reckless disregard to Plaintiffs' rights or an intentional
6  attempt to evade accountability. (*Id.* at 4, ¶ 1). Plaintiffs contend Defendants repeatedly dismissed
7  or ignored Plaintiffs' efforts to contact Defendant and provide proof of payment history as
8  Defendant's representatives provided conflicting responses and denied any reporting errors. (*Id.* ¶
9  2). Plaintiffs further contend that their financial stability had been severely compromised by the
10 time Defendant rectified its errors, as Plaintiffs became unable to access credit, secure loans for
11 necessary expenses, and maintain their previous credit standing. (*Id.* ¶ 3).

12 Plaintiffs seek compensatory damages for loss of creditworthiness, lost wages and job
13 opportunities, emotional distress and reputational harm, punitive damages in the amount of $6
14 million, and attorneys' fees and costs. (*Id.* at 5). Plaintiffs also seek injunctive relief requiring
15 Defendant to correct the inaccurate reporting and implement policies to prevent future violations.
16 (*Id.* at 6).

17 **II.   GOVERNING AUTHORITY**

18 A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests a complaint's
19 sufficiency and asks a court to dismiss a plaintiff's complaint for failing "to state a claim upon
20 which relief can be granted." Fed. R. Civ. P. 12(b)(6); *N. Star Int'l v. Ariz. Corp. Comm'n.*, 720
21 F.2d 578, 581 (9th Cir. 1983) (citing *Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981)). A complaint
22 may be dismissed as a matter of law either for lack of a cognizable legal theory or the absence of
23 sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901
24 F.2d 696, 699 (9th Cir. 1990) (citing *Robertson v. Dean Witter Reynolds, Inc*., 749 F.2d 530, 533-
25 34 (9th Cir. 1984)).

26 To survive a motion to dismiss under Rule 12(b)(6), a complaint must provide sufficient
27 factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662,
28 678 (2009); *see* Fed. R. Civ. P. 8(a)(2) (a complaint must contain a short and plain statement of the

1  claim showing that the pleader is entitled to relief).  A complaint satisfies the plausibility
2  requirement if it contains sufficient facts for the court to "draw [a] reasonable inference that the
3  defendant is liable for the misconduct alleged." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555
4  (2007).

5  When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court
6  must accept as true all factual allegations put forth in the complaint and construe all facts and
7  inferences in favor of the non-moving party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations
8  omitted); *Hebbe v. Pliler*, 627 F.3d 338, 340 (9th Cir. 2010).  The complaint need not include
9  "detailed factual allegations," but must include "more than an unadorned, the-defendant-
10 unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citations omitted).  The Court is "not
11 'required to accept as true allegations that contradict exhibits attached to the Complaint or matters
12 properly subject to judicial notice, or allegations that are merely conclusory, unwarranted
13 deductions of fact, or unreasonable inferences.'" *Seven Arts Filmed Entm't, Ltd. v. Content Media*
14 *Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoting *Daniels-Hall v. Nat'l Educ. Ass'n*, 629
15 F.3d 992, 998 (9th Cir. 2010)).

16 Finally, courts must construe pro se pleadings liberally and hold such pleadings to a less
17 stringent standard than those drafted by attorneys.  *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)
18 (per curiam); *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980) ("It is settled law that the allegations of [a
19 pro se litigant's complaint] 'however inartfully pleaded' are held 'to less stringent standards than
20 formal pleadings drafted by lawyers . . .'" (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972))).
21 A court should dismiss a pro se complaint if "it is absolutely clear that the deficiencies of the
22 complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir.
23 2012).

24 **III.   DISCUSSION**
25     **A.   FCRA Governing Authority**
26 "Recognizing the importance of accuracy in credit reporting, Congress adopted the FCRA
27 in 1970.  In its present form, the Act allows consumers to sue private lenders who willfully or
28 negligently supply false information about them to agencies that generate credit reports." *Dep't of*

4

1    *Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*, 601 U.S. 42, 45 (2024); *see Shaw v. Experian Info. Sols. Inc.*, 891 F.3d 749, 755 (9th Cir. 2018) (noting that the FCRA was enacted to provide for fair and accurate credit reporting). When originally enacted, the FCRA focused on two groups: credit reporting agencies ("CRA") and "persons" who obtain information from them. *Kirtz*, 601 U.S at 46; 15 U.S.C. §§ 1681b, 1681i, 1681d(a). In 1996, Congress broadened the FCRA's reach to include those who furnish information to a CRA and instructed that, if a consumer disputes to a CRA the completeness or accuracy of his credit information, the "person" who furnished it must investigate the matter and take steps to correct any mistake. 15 U.S.C. § 1681s-2(b).

The FCRA outlines the "[r]esponsibilities of furnishers of information to [CRAs]." 15 U.S.C. § 1681s-2. There are "two categories of responsibilities" for furnishers as outlined in § 1681s-2. *Gorman v. Wolpoff & Abramson LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009). The first, in § 1681s-2(a), requires furnishers to provide accurate information and imposes upon the furnisher a duty to notify a CRA if it furnishes it with information that is disputed by the consumer. *Gorman*, 584 F.3d at 1154 (citing § 1681s-2(a)(3)). "If a furnisher determines that it supplied information that was 'not complete or accurate,' it must provide all information to the CRAs 'necessary to make [their report]…complete and accurate.'" *Williams v. Experian Info. Sols., Inc*., No. C22-5840 MJP, 2024 WL 643197, at *3 (W.D. Wash. Feb. 15, 2024) (quoting § 1681s-2(a)(2)).

The second category of responsibilities, under § 1681s-2(b), is triggered when a furnisher is notified by a CRA that a consumer disputes any reported information. *Gorman*, 584 F.3d at 1154; *see Williams*, 2024 WL 643197, at *3 ("The FCRA…allows consumers to put furnishers on notice of inaccuracies and incompleteness by lodging consumer disputes with the CRAs."). Upon receipt of notice of dispute from a CRA, the furnisher is obligated to investigate the claims and to correct or delete inaccurate information. *Gross v. CitiMortgage, Inc.*, 33 F.4th 1246, 1251 (9th Cir. 2022); *e.g., Roybal v. Equifax, Transunion, Experian Rickenbacker, Medamerica, City Towing Body Shop, Inc*., 405 F. Supp. 2d 1177, 1180 (E.D. Cal. 2005) ("Once a claim is deemed viable, the CRAs must contact the furnisher of the credit information which affords an opportunity to investigate and rectify erroneous reports.").

Therefore, to state a claim under the second category the plaintiff must first allege that the

1    information in the report is incomplete or inaccurate. *Carvalho v. Equifax Info. Servs., LLC*, 629
2    F.3d 876, 890 (9th Cir. 2010). The plaintiff then must allege he (1) notified a CRA, (2) the CRA
3    notified the furnisher, *i.e.*, defendant, of the information about the dispute, and (3) the furnisher
4    failed to investigate the inaccuracies or otherwise failed to comply with the requirements of §
5    1681s-2(b). *Ballard v. Citadel Servicing Corp.*, No. 8:22-cv-01679-FWS-ADS, 2023 WL
6    4291115, at *6 (C.D. Cal. May 9, 2023) (citation omitted).

   **B.   Analysis**

   Plaintiffs allege Defendant unlawfully reported false and inaccurate information to CRAs regarding Plaintiffs' mortgage account, including false reports that Plaintiffs failed to make payments from October 2021 through 2023. (Doc. 47 at 2, 3). Plaintiffs further allege that they made numerous attempts to notify Defendant of the inaccuracies in the reports to the CRAs. (*Id.* at 3). Thus, Plaintiffs have adequately alleged the first two elements of their FCRA claim (*e.g.*, existence of inaccuracies and report to CRAs). However, as the undersigned previously admonished in the August 21, 2024, findings and recommendations to dismiss Plaintiffs' original complaint (Doc. 31 at 6), Plaintiffs have again failed to allege that any CRA notified Defendant of the information in dispute. *See generally* (Doc. 47); *e.g.*, *Kianpour v. Wells Fargo Bank, N.A.,* No. CV 17-01757 SJO (GJSx), 2017 WL 8292776, at *6 (C.D. Cal. Jul. 17, 2017) (concluding that a plaintiff failed to state a claim because 1681s-2(b) required the Plaintiff to allege facts that a CRA provided a notification of a dispute to the furnisher of information). Additionally, though Plaintiffs allege Defendant failed to accurately report Plaintiffs' credit information and correct the inaccuracies upon notice, the FAC concedes that Defendants eventually "rectified the issue" after Plaintiffs escalated their complaints to the CFPB. (Doc. 47 at 3). Plaintiffs contend in their opposition that Defendant's corrective action is not a defense to its misconduct as Plaintiffs faced "irreparable harm" during period of erroneous reporting. (Doc. 53 at 6). However, Plaintiffs provide no authority that support a remedy under the FCRA for harms faced during the period before corrective action is taken or that such remedial action "does not negate liability" under the Act. (*Id.*). In light of the allegations that Defendant in fact corrected the information it reported to the CRAs, and the FAC's failure to allege that any CRA notified Defendant of the disputed

6

information, the FAC fails to establish all of the elements to state a claim under the FCRA and Plaintiffs' FCRA claim therefore fails as a matter of law.

Accordingly, the undersigned finds Plaintiffs again have failed to state a claim against Defendant upon which relief may properly be granted.

### C. Leave to Amend

Rule 15 provides that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(2). However, district courts are only required to grant leave to amend if a complaint can be saved. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). When a complaint cannot be cured by additional facts, leave to amend need not be provided. *Doe v. United States*, 58 F.3d 494, 397 (9th Cir. 1995).

Plaintiffs' original and amended complaint both allege that Defendant remedied any credit furnishing inaccuracy after Plaintiffs complained to the CFPB. Thus, as set forth above, Plaintiffs' FCRA claim fails as a matter of law and Plaintiffs have not asserted viable claims under any other recognized theory of relief despite having been afforded an opportunity to replead cognizable claims previously. Thus, the undersigned finds that further leave to amend would be futile and, accordingly, will recommend the Court grant Defendant's motion to dismiss with prejudice and without leave to amend. *Ismail v. Cnty. of Orange*, 693 Fed. Appx. 507, 511-12 (9th Cir. 2017) ("A pro se complaint may be dismissed with prejudice when 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015)).

### IV. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that:

1. Defendant's motion to dismiss (Doc. 49) be GRANTED;
2. Plaintiffs' FAC (Doc. 47) be DISMISSED with prejudice and without leave to amend; and
3. The Clerk of the Court be DIRECTED to close this case.

These Findings and Recommendations will be submitted to the U.S. District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served

1  with a copy of these Findings and Recommendations, any party may file written objections with
2  the Court. Local Rule 304(b).  The document should be captioned, "Objections to Magistrate
3  Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court
4  and good cause shown.  The Court will not consider exhibits attached to the Objections.  To the
5  extent any party wishes to refer to any exhibit(s), that party should reference the exhibit in the
6  record by its CM/ECF document and page number, when possible, or otherwise reference the
7  exhibit with specificity.  Any pages filed in excess of the 15-page limitation may be disregarded by
8  the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. §
9  636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the
10 waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **May 13, 2025**

UNITED STATES MAGISTRATE JUDGE