UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE MARSH, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>NATIONS DIRECT MORTGAGE, LLC,<br><br>    Defendant. | Case No. 1:23-cv-01518-KES-CDB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANTS' MOTION TO DISMISS<br><br>(Docs. 49, 55) |

Terrance and Gesele Marsh, proceeding pro se, initiated this action on October 24, 2023. Doc. 1. On December 16, 2024, the Court adopted findings and recommendations and granted defendant Nations Direct Mortgage, LLC's motion to dismiss plaintiffs' complaint with leave to amend. Doc. 40. After receiving extensions of time to file an amended complaint, plaintiffs filed a first amended complaint. Doc. 47.

On April 1, 2025, defendant moved to dismiss plaintiffs' first amended complaint with prejudice for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. 49. Defendant's motion to dismiss was referred to the assigned magistrate judge for preparation of findings and recommendations. Doc. 50. The magistrate judge issued findings and recommendations, recommending that defendant's motion to dismiss be granted and plaintiffs' first amended complaint be dismissed with prejudice. Doc. 55. The findings and recommendations were served on the parties and contained notice that any objections were to be filed within fourteen (14) days of the date of service. *Id.* at 7-8. Plaintiffs timely filed objections and defendants filed a response to plaintiffs' objections. Docs. 56, 57.

In accordance with 28 U.S.C. § 636 (b)(1), the Court conducted a de novo review of the

1  case. Plaintiffs' objections do not undermine the findings and recommendations. As the findings
2  and recommendations correctly found, plaintiffs failed to sufficiently allege that a credit reporting
3  agency ("CRA") notified defendant of the information in dispute, which is a necessary element to
4  state a claim under 15 U.S.C. § 1681s-2(b). Although plaintiffs are not required to provide
5  documentary evidence to support their complaint, plaintiffs may not rely on a recitation of the
6  elements and must provide factual allegations to support each element. *See Kianpour v. Wells*
7  *Fargo Bank, N.A.*, No. CV-17-01757-SJO(GJSx), 2017 WL 8292776, at *6 (C.D. Cal. July 17,
8  2017) (to state a claim under 15 U.S.C. § 1681s-2(b), a plaintiff must adequately allege that it
9  notified a CRA and that the CRA notified the defendant of the dispute because a defendant's
10 obligations only arise after it receives notice of a dispute from a CRA). As plaintiffs have failed
11 to cure this deficiency following a prior dismissal for the same reason, further leave to amend
12 would be futile.
13     In their objections, plaintiffs also argue that the Experian credit report attached to their
14 objections shows that there was a dispute between plaintiff and defendant noted on the Experian
15 credit report. Doc. 56 at 5. However, plaintiffs do not allege that they filed a dispute with
16 Experian or that Experian notified defendant of such dispute.[1] Submitting a complaint to the
17 Consumer Financial Protection Bureau ("CFPB") is insufficient to state a claim under 15 U.S.C.
18 § 1681s-2(b). *Mohamed v. Navy Fed. Credit Union*, No. 25-CV-04174-RS, 2025 WL 2337124,
19 at *2 (N.D. Cal. Aug. 12, 2025) (collecting cases). Further, even assuming that a notification
20 from the CFPB to defendant was sufficient to trigger defendant's duty to investigate under 15
21 U.S.C. § 1681s-2(b), plaintiffs have not alleged that defendant failed to reasonably investigate
22 any such claim. *See Higley v. Newrez, LLC*, No. 3:22-CV-01474-IM, 2023 WL 2968240, at *3
23 (D. Or. Apr. 17, 2023). As plaintiffs concede, defendant corrected the information it reported to
24 the CRAs. Doc. 55 at 2. Plaintiffs do not meaningfully challenge this finding or adequately
25

---

[1] In their original complaint, plaintiffs alleged that they reported the inaccurate information to all major credit bureaus. Doc. 1 at 4. However, the first amended complaint lacks this allegation. Even assuming plaintiffs had alleged that they reported the inaccurate information in the first amended complaint and that the CRAs notified defendant, plaintiffs have failed to sufficiently allege that defendant failed to reasonably investigate the dispute.

allege facts or cite to any authority that would undermine the magistrate judge's finding that their claim fails as a matter of law.

Accordingly:

1. The findings and recommendations issued on May 13, 2025 (Doc. 55) are adopted;
2. Defendant Nations Direct Mortgage, LLC's motion to dismiss (Doc. 49) is granted;
3. Plaintiffs' first amended complaint (Doc. 47) is dismissed with prejudice and without leave to amend; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: _October 12, 2025_

UNITED STATES DISTRICT JUDGE

3