UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Terrance Marsh and Gesele Marsh,

Plaintiffs,

v.

Nations Direct Mortgage, LLC,

Defendants.

Case No. 1:23-cv-01518-KES-CDB

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

Doc. 61

Plaintiffs Terrance Marsh and Gesele Marsh proceeded pro se in this civil action. On December 16, 2024, the court adopted findings and recommendations and granted defendant Nations Direct Mortgage, LLC's motion to dismiss plaintiffs' initial complaint with leave to amend. Doc. 40. Plaintiffs filed a first amended complaint on March 18, 2025. Doc. 47. On April 1, 2025, defendant moved to dismiss plaintiffs' first amended complaint with prejudice for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. 49. The magistrate judge issued findings and recommendations, recommending that defendant's motion to dismiss be granted and plaintiffs' first amended complaint be dismissed with prejudice. Doc. 55. Plaintiffs filed objections to the findings and recommendations. Doc. 56.

On October 14, 2025, the court issued an order adopting the findings and recommendations and granting defendant's motion to dismiss. Doc. 58. The court dismissed

plaintiffs' first amended complaint with prejudice and without leave to amend. *Id.*

Currently before the court is plaintiffs' motion for reconsideration of the court's October 14, 2025 order dismissing the case with prejudice. Doc. 61. Defendant filed an opposition to the motion for reconsideration on November 17, 2025. Doc. 62.

Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e). *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); *see also Schroeder v. McDonald*, 55 F.3d 454, 458–59 (9th Cir. 1995). A Rule 59(e) motion must be filed no later than twenty-eight (28) days after entry of the judgment. *See* Fed. R. Civ. P. 59(e). "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *accord Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . .; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Pursuant to this court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Plaintiffs' motion does not establish any ground for overturning the court's judgment under Rule 59(e) or 60. Plaintiffs argue that reconsideration of the court's order is warranted because they filed a complaint with the FCRA. Doc. 61 at 2, 27–28. But plaintiffs do not raise any arguments not previously considered by the court. *See* Docs. 55, 58. Plaintiffs do not identify a mistake, newly discovered evidence, fraud, or any other reason that would justify relief from the judgment. Plaintiffs first amended complaint was dismissed after plaintiffs failed to cure the deficiencies in their complaint; their motion for reconsideration does not establish that

plaintiffs are able to cure the deficiencies in their claims. Nor have plaintiffs established any error in the court's October 14, 2025 order or any manifest injustice.

Accordingly, plaintiffs' motion for reconsideration, Doc. 61, is denied.

IT IS SO ORDERED.

Dated: September 17, 2026

UNITED STATES DISTRICT JUDGE